# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**N.G.,**

      **Plaintiff,**

v.                                                   **Case No: 6:23-cv-1056-PGB-DCI**

**DU-PAN LIGHTS HOTEL, LLC.,**

      **Defendant.**

_____/

# ORDER

This cause is before the Court on Defendant Du-Pan Lights Hotel, LLC's ("**Defendant**") Motion to Dismiss the Complaint (Doc. 21 (the "**Motion**")) and Plaintiff's response thereto (Doc. 36). Having considered the parties' submissions, the Court finds that the Motion is due to be granted.

## I. BACKGROUND[1]

Plaintiff was a victim of sex trafficking at Defendant's Orlando, Florida hotel in 2016. (Doc. 1, ¶ 8). Plaintiff alleges that Defendant "knew or should have known" that one or more individuals to whom it "rented rooms" were "involved in sex[ ]trafficking pertaining to" her. (*Id.* ¶ 17). Accordingly, on June 6, 2023, Plaintiff sued Defendant under the Trafficking Victims Protection Reauthorization Act of 2008 ("**TVPRA**"), 22 U.S.C. § 7101 *et seq.*, which allows sex-trafficking

---

[1] In deciding the instant Motion, the Court "accept[s] the allegations in the complaint as true." *Chua v. Ekonomou*, 1 F.4th 948, 952 (11th Cir. 2021).

victims to "recover damages and reasonable attorney[']s fees" from anyone who "knowingly benefits . . . financially . . . from participation in a venture which that person knew or should have known has engaged in" sex trafficking. (*See* Doc. 1 (the "**Complaint**"), ¶¶ 117–39); 18 U.S.C. § 1595(a).

## II. DISCUSSION

Defendant makes two arguments for dismissal. (Doc. 21, pp. 2–17). The first boils down to an argument that the Complaint is a shotgun pleading or, to use Defendant's words, "a form [complaint] stuffed with . . . generic 'filler.'" (*Id.* at pp. 2–6). To support this argument, Defendant requests that the Court take judicial notice of a highly similar complaint Plaintiff's counsel filed in another TVPRA case. (*Id.* at pp. 2–4). Defendant's second argument addresses Plaintiff's failure to state a claim on the merits. (*Id.* at pp. 6–17). Because the Court agrees with the first argument, it does not reach the second. The Court discusses the issues of judicial notice and shotgun pleadings in turn.

### A. Judicial Notice

The Federal Rules of Evidence provide that a court "must take judicial notice" of an adjudicative fact "if a party requests it and the court is supplied with the necessary information," provided that the fact is "not subject to reasonable dispute." FED. R. EVID. 201(b), (c)(2). A fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" is "not subject to reasonable dispute." FED. R. EVID. 201(b)(2). Courts "may take judicial notice of a document filed in another court 'not for the truth of the matters asserted

in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)); *see United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

Here, Defendant requests that the Court judicially notice a complaint filed in another court (Doc. 21, pp. 2–4), and it supplies the Court with the necessary information to do so, i.e., that complaint (Doc. 21-1). Plaintiff contends that the Court should deny the request, but does not dispute the complaint's indisputability. (Doc. 36, pp. 16–17). Thus, the request must be granted. *See* FED. R. EVID. 201(c)(2). The Court does not accept as true the allegations filed in the other court but "takes judicial notice only of the fact that such allegations were advanced." *Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 10-cv-665-T-33EAJ, 2011 U.S. Dist. LEXIS 11659, at *3 (M.D. Fla. Jan. 27, 2011).

Defendant points to the similarities between Plaintiff's Complaint and the judicially noticed complaint to assert that as shotgun pleadings, the complaints lack any "discrete factual allegations related to" the parties. (Doc. 21, p. 4 (emphasis omitted)). Although the Court agrees that Plaintiff's Complaint is a shotgun pleading, that conclusion follows from the face of the Complaint; the judicially noticed complaint adds little, if anything, to the analysis. Troublingly, Defendant also seems to be on the verge of suggesting, based on the complaints' similarities, that Plaintiff's counsel is making misrepresentations to the courts in which the complaints were filed. (*See id.* at p. 3 n.2 (finding the similarities

3

"extremely odd")).[2] Plaintiff furnishes logical explanations for the similarities, which the Court accepts at this juncture. (*See* Doc. 36, p. 16).

### B. Shotgun Pleadings

The Federal Rules of Civil Procedure require a pleading to contain, as to content, "a short and plain statement of the claim showing that the pleader is entitled to relief," and, as to form, "numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 8(a)(2), 10(b). Complaints that violate these rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years. . . ." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Shotgun pleadings take a few different forms, including complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. A court may not "parse" a shotgun pleading "in search of a potentially valid claim" because doing so "would give the appearance of lawyering for one side of the controversy and, in the process, cast [the court's] impartiality in doubt." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018).

Defendant maintains that, "[e]ven though Plaintiff merely attempts to assert one . . . claim against [one] defendant, her [c]omplaint unnecessarily spills 139

---

[2]  The Court simply notes that any such insinuation is strong and not well-taken.

paragraphs—covering nearly [thirty] pages—many of which are redundant[] and do not apply to" Plaintiff, her sex traffickers, or Defendant. (Doc. 21, p. 2). Moreover, says Defendant, Plaintiff's Complaint contains "unnecessary allegations about . . . duties and foreseeability" that seemingly pertain to a negligence claim not brought in this case. (*Id.* at p. 3 n.3). The Court ultimately agrees.

There are various issues with the Complaint. The first paragraph states that the action is brought under the TVPRA "as well as per any state laws as may be identified herein." (Doc. 1, ¶ 1). However, the Complaint contains only a single count, brought under the TVPRA, and does not identify any state-law bases for the count. (*See id. passim*). Instead of the generic phrase "any state laws as may be identified herein," the Complaint should identify its claims' legal bases in specific terms at the earliest opportunity. Then, after the first paragraph, the following two paragraphs suggest that the allegations in the Complaint are not tailored to Plaintiff's individual circumstances.[3] The second paragraph refers to Plaintiff's sex "trafficker(s)." (*Id.* ¶ 2). If Plaintiff truly does not know whether she had one or more traffickers, then this wording is sufficient, but if such information is known, Plaintiff should refer to her traffickers as singular or plural and do so consistently throughout the Complaint. (*See also id.* ¶¶ 17, 123 ("individual(s)"), 72, 129

---

[3] On that subject, the Complaint often alleges that Defendant acted "individually" or through its agents. (*See, e.g., id.* ¶¶ 23–25). But Defendant is an LLC. And "an LLC cannot act without its agents because business organizations are artificial constructs." *Gemini Ins. Co. v. Castro*, 723 F. App'x 797, 801 (11th Cir. 2018); *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents . . . ."). Accordingly, it is not clear how Defendant could act "individually," as opposed to through its agents. (Doc. 1, ¶¶ 23–25).

5

("victim(s)"), 85, 123, 128–30, 132 ("room(s)"); *id.* at p. 26 ("claim(s) and Count(s)")).[4]

Meanwhile, the third paragraph boasts a lengthy, cover-all-the-bases description of Defendant as "a hotel owner, hotel operator, franchisee, manager, and/or supervisor of the subject premises and subject hotel." (*Id.* ¶ 3). For one, the use of either "and" or "or" by itself will usually suffice and thus, "and/or" is not necessary. Further, unless the lengthy description carries factual or legal significance, it could—and should—be pared down. Does it matter that Defendant is owner, operator, franchisee, manager, and supervisor of the premises and hotel? Or is it enough to allege that Defendant owned and operated the hotel? In general, Plaintiff should eliminate long lists using "and/or" from the Complaint. (*See, e.g.*, *id.* ¶¶ 19, 23–25, 35, 40, 43, 55, 58–61, 65, 73–75, 84, 89–90, 93, 104–05, 114, 138).

Looking at the Complaint overall, the Court finds significant redundancy. It devotes, for example, another whole paragraph to establishing that "Defendant was the owner of the subject property at all times relevant to the dates within this action," when the third paragraph covers this ground and then some. (*See id.* ¶¶ 3, 9). Furthermore, the Complaint sets forth in separate places that "Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker(s) to engage in commercial sex at the subject hotel" (*id.*

---

[4] Though Plaintiff may or may not know whether the singular or plural is appropriate for the words "trafficker," "individual," "victim," and "room," the Complaint itself contains only one count. (*See id. passim*).

6

¶ 6); that "Plaintiff is a victim as set forth in the TVPRA as, during relevant time period herein, she was induced to engage in commercial sex by her trafficker(s) by fraud, force and coercion at the subject hotel" (*id.* ¶ 36); that "Plaintiff is a 'victim' of sex trafficking as protected under applicable provisions of the TVPRA as she was induced to engage in commercial sex at the subject hotel as a consequence of her being forced, coerced, and/or threatened by her trafficker(s) and/or by fraud utilized by her trafficker(s)" (*id.* ¶ 40); and that "Plaintiff is a 'victim' of sex trafficking as protected under applicable provisions of the TVPRA" (*id.* ¶ 119). Various examples of redundancy exist, but the Court need not address them all.

The Complaint also includes allegations about duty, foreseeability, and negligence that do not obviously relate to the TVPRA count. (*See, e.g.*, *id.* ¶¶ 53, 56, 90, 109–11, 113). As Plaintiff points out, a negligence standard applies to Defendant's knowledge for that count. (Doc. 36, pp. 14–15); *see M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 965 (S.D. Ohio 2019) (explaining that section 1595(a)'s "should have known" language "invokes a negligence standard"). That said, the Complaint seems to allege other negligence, too. (*See, e.g.*, Doc. 1, ¶ 110 (alleging Defendant's duty "to use ordinary care to keep [its] hotel premises in a reasonably safe condition")). However, the Complaint contains no negligence count. (*See id. passim*).

Finally, the Court notes that the Complaint contains eleven allegations made "upon information and belief." (*Id.* ¶¶ 10, 13, 21, 42, 73–77, 88, 136). Such allegations, if not supported by sufficient facts, are generally not taken as true, *see*

7

*Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Twombly*, 550 U.S. at 551, 557), though "[p]leading on information in belief is still permissible where . . . the facts are 'peculiarly within the possession and control of the defendant,'" *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Although most of Plaintiff's "upon information and belief" allegations focus on Defendant, some do not. For example, Plaintiff states "[u]pon information and belief" that while she was staying at Defendant's hotel, she "was forced to engage in frequent use of drugs and/or alcohol and would exhibit behavior consistent with someone who was under the influence, or near overdose, of same." (Doc. 1, ¶ 88). As written, the statement suggests that Plaintiff does not know whether she was forced to do drugs and drink alcohol. Elsewhere in the Complaint, however, Plaintiff alleges that she "was drugged"—full stop—at the hotel. (*Id.* ¶ 35). Plaintiff must phrase her allegations clearly to indicate when she states a fact in her knowledge and when she relies on information and belief.

      Overall, the Complaint violates Federal Rules of Civil Procedure 8(a)(2) and 10(b) with conclusory, vague, and redundant allegations and "immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Upon repleader, Plaintiff shall: (1) identify her legal bases in specific, not generic, terms; (2) tailor her allegations to her individual circumstances; (3) eliminate the use of "(s)," "and/or," and long lists of words, to the greatest extent possible; (4) remove redundant paragraphs, as well as allegations not obviously related to the

claims brought in the repleading; and (5) minimize allegations made "upon information and belief," to the extent possible. Ultimately, the primary goal is clarity so that Defendant is on "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 21), including the request for judicial notice, is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before March 1, 2024, Plaintiff may file an amended complaint consistent with the directives of this Order and all applicable rules and law. Failure to file an amended complaint may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on February 9, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties