**IN THE UNITED STATES
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Case No.  6:23-cv-01056-PGB-DCI

N.G., an individual,

        Plaintiff,

v.

DU-PAN LIGHTS HOTEL LLC., d/b/a DAYS INN BY WYNDHAM ORLANDO AIRPORT FLORIDA MALL,

        Defendant

**AMENDED
COMPLAINT**

COMES NOW the Plaintiff N.G., by and through the undersigned counsel, and respectfully, submits her Amended Complaint for damages and makes the following averments.

**INTRODUCTION**

1.   This action for damages is brought by N.G. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. §

1

1595.

2.   DU-PAN LIGHTS HOTEL LLC. ("Defendant") was the owner and operator of the subject premises and subject hotel located at 9301 S. Orange Blossom Trail, Orlando, Florida 32837, during the relevant time period, and prior thereto, and as such responsible for the subject hotel doing business as the DAYS INN BY WYNDHAM ORLANDO AIRPORT FLORIDA MALL.

3.   Sex trafficking is defined under 22 U.S.C. § 7102 (11) as "The recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act, in which the commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such an act has not attained 18 years of age."

4.   Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her traffickers to engage in commercial sex at the subject hotel in 2016. She was psychologically and physically prohibited from escape from her traffickers.

5.   The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act. Section 1595 of the TVPRA provides that "[a]n individual who is a victim

of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C. § 1595.

6. As it pertains to the subject defendant, Plaintiff was sex trafficked at the aforesaid hotel by her traffickers in 2016.

7. Sex trafficking occurred at this subject hotel in 2016 and, upon information and belief, prior thereto.

8. As a hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

9. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

10. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

11. Before and during the relevant time period Defendant failed to implement sufficient educational and training programs on sex trafficking within its business chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel.

12. During the time period of trafficking of the Plaintiff at the subject hotel which occurred in 2016, Defendant failed to act upon the obvious and overt signs alerting them to the sex trafficking taking place at this subject hotel including as to Plaintiff herein.

13. Had the Defendant timely and properly implemented policies and procedures common and reasonably accepted in the hospitality industry concerning anti-trafficking, safety and security it is more likely than not that the injuries suffered by the Plaintiff at the subject hotel would have been

prevented or mitigated.

14. Due to the failure of Defendant to timely and properly implement anti-trafficking policies and practices, Plaintiff was repeatedly victimized and trafficked for sex on defendant's premises in violation of the TVPRA.

## PARTIES

15. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address (and those of two known additional victims) are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

16. Plaintiff is currently a resident of the State of New York.

17. Plaintiff was born in 1983.

18. As it pertains to this Defendant, Plaintiff was sex trafficked at the "subject hotel" located at 9301 S. Orange Blossom Trail, Orlando, Florida 32837 which occurred in 2016.

19. At all times relevant and material, Defendant DU-PAN LIGHTS HOTEL LLC., d/b/a DAYS INN BY WYNDHAM ORLANDO AIRPORT FLORIDA MALL located at 9301 S. Orange Blossom Trail, Orlando,

Florida 32837 was authorized to do, licensed to do, and was doing business in the State of Florida offering the subject hotel as a place of public lodging.

20. The principal place of business of Defendant DU-PAN LIGHTS HOTEL LLC is 17501 Biscayne Boulevard, Suite 410, Aventura, Florida 33160.

## JURISDICTION AND VENUE

21. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

### A. VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

23. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against the above-captioned Defendant.

24. In support of her action against Defendant, Plaintiff adopts and

6

incorporates by reference all paragraphs contained in this Complaint set forth above as if fully set forth herein.

25.  Plaintiff is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

26.  As it pertains to this Defendant, Plaintiff was sex trafficked at DAYS INN BY WYNDHAM ORLANDO AIRPORT FLORIDA MALL located at 9301 S. Orange Blossom Trail, Orlando, Florida 32837 in 2016.

27.  In 2016 and contemporaneous with the trafficking of the Plaintiff on the subject premises other adult victims were sex trafficked on said premises, by Plaintiff's traffickers, including Plaintiff's current husband J.G. and a female victim identified as K.R.

28.  Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a

7

beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

29. Plaintiff's sex traffickers deliberately and repeatedly selected the subject hotel as a venue to engage in sex trafficking in 2016.

30. Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the rooms rented by her traffickers (or at the direction of her traffickers) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2016.

31. Defendant rented rooms to individuals it knew or should have known were engaged in the sex trafficking of women and men, and Plaintiff in particular, in violation of the TVPRA.

32. The rental of a hotel room constitutes a financial benefit from a relationship with the trafficker sufficient to meet "financially benefitted" element of the §1595(a) standard.

33. Plaintiff's traffickers took proceeds derived from the sex trafficking

occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

34. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her traffickers online) and from such Wi-Fi service defendant, upon information and belief, received financial benefit.

35. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

36. During the time that Plaintiff was trafficked at the subject hotel in 2016, Plaintiff's traffickers induced Plaintiff to have sex with Defendant's staff by fraud, force and coercion; more specifically an individual Plaintiff perceived to be a front desk clerk who went by the name "Brad"; (whether he was using a false name is unknown.)

37. Plaintiff describes "Brad" as white, approximately 5ft, 10', approximately 180lbs, short brown hair, and no facial hair.

38. Plaintiff was induced by her traffickers to have sex with "Brad" three to four times at the subject hotel and in the rented room in 2016.

39. "Brad" would, at times, be present in the room when Plaintiff was forced by her traffickers to have sex with sex buyers in 2016.

40. Defendant, through an agent, staff member or employee, (who Plaintiff perceived to be a front desk clerk), endorsed, consented and allowed the subject trafficking to occur and continue on the premises as is evidenced by said staff member engaging in non-consensual sex with the Plaintiff.

41. Defendant, through an agent, staff member or employee, (who Plaintiff perceived to be a front desk clerk), knew the subject trafficking was occurring and would continue to occur on the premises as is evidenced by said staff member engaging in non-consensual sex with the Plaintiff and said staff member being present in the room, at times, when Plaintiff was forced to have sex with sex buyers.

42. During the time that Plaintiff was trafficked at the subject hotel in 2016, Plaintiff's traffickers had direct interaction with hotel employee(s) and staff by means of paying or compensating employee(s) and staff member(s) to act as lookout(s)/informant(s) for Plaintiff's traffickers so as

to inform the traffickers of police activity or other similar type alerts.

43.   In this case, during the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's traffickers that violated the TVPRA.

44.   Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

45.   Defendant operating the subject hotel and renting out rooms to Plaintiff's traffickers was an enterprise involving risk and potential profit.

46.   Defendant operating the subject hotel and renting out rooms to Plaintiff's traffickers was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

47.   This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

48.   A continuous business relationship existed between the subject hotel, its agents, employees and staff, and Plaintiff's traffickers, in part, in that the hotel repeatedly rented rooms to individuals they knew or should have known were involved in sex trafficking on the premises, including as to the Plaintiff.

49.   Plaintiff's traffickers had prior commercial dealings with the subject

11

hotel which the traffickers and Defendant wished to reinstate for profit when Plaintiff's traffickers repeatedly rented rooms that were used for trafficking of victims including Plaintiff.

50.  Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as they related to Plaintiff due to the many red flags then and there existing, including but not limited to: (a) constant foot traffic of  sex buyers to the traffickers rented rooms to have sex with trafficked victims; (b) Plaintiff was forced to have sex  on the hotel premises, three to four times, with a front desk staff member who identified as "Brad". "Brad" would, at times, be present in the room when Plaintiff was forced to have sex with sex buyers; (c) trafficked victims would walk around hotel grounds drug and/or alcohol  impaired, sleep impaired, hygiene impaired, behavior impaired, with bruises, and malnourished and in sexually explicit clothing; (d) suspicious individuals loitering outside the hotel rooms when a sex buyer would enter a room; (e) inside the hotel rooms rented by the traffickers (or at the direction of the traffickers) there was a suspicious bunch of people and suspicious items including weapons, cash, drugs, drug paraphernalia, condoms, lubricants which was observed by housekeeping staff and in plain sight of housekeeping staff; (f) traffickers  monitoring hotel hallway or door of room

12

or walking hotel perimeter; (g) Plaintiff, J.G. and K.R soliciting for sex buyer business in common areas of the subject hotel at the direction of the traffickers; and (h) other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

51.  Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including as set forth in paragraph 50 above.

52.  When being trafficked at the subject hotel during 2016 Plaintiff interacted with Defendant's staff on a daily basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker(s), J.G., K.R. as well as a steady procession of sex buyers going in and out of the subject rented rooms, contemporaneous with above other signs and indicators of trafficking occurring on the subject premises.

53.  Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal

injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

54. This hotel, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

55. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

56. As a direct and proximate result of Defendant's multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

57. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) Past and future emotional distress;

c) Consequential and/or special damages;

d) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e) Disgorgement of profits obtained through unjust enrichment;

15

f)  Restitution;

g)  All damages allowable under the TVPRA;

h)  Reasonable and recoverable attorney's fees;

i)  Punitive damages with respect to each cause of action;

j)  Costs of this action; and

k)  Pre-judgement and all other interest recoverable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: February 29, 2024

Respectfully submitted,

/s/ Anne Accettella
Anne Accettella, Esq.
(By Special Admission)
Douglas and London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
aaccettella@douglasandlondon.com

MORGAN & MORGAN

Steven E. Nauman
Florida Bar No. 106126
20 N Orange Ave, Suite 1600
Orlando, Florida 32801
Telephone: (407) 244-3962
Facsimile: (407) 204-2228
snauman@forthepeople.com
*Attorneys for Plaintiff*

16

17